**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BOBBY E. BURTON, Jr.,

      Petitioner,                    Case No. 2:15-cv-11823
                                            Hon. Matthew F. Leitman

v.

BRUCE ARMSTRONG,

      Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT PREJUDICE**
**THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO**
**ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE APPEAL *IN FORMA***
***PAUPERIS***

      Bobby Burton, Jr., ("petitioner"), presently confined with the Texas Department of

Criminal Justice, Correctional Institution Division at the Alfred Hughes Unit in Gatesville,

Texas filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se*

application, petitioner challenges an unspecified conviction out of Waco, Texas, for which

he is serving twenty years. For the reasons that follow, the petition for writ of habeas corpus

is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

**Discussion**

      Petitioner does not specify in his habeas petition what conviction he is challenging in

his petition, other than to state that it is from Waco, Texas and that he received twenty years

in prison. The Texas Department of Criminal Justice's Offender Search, located at

http://offender.tdcj.state.tx.us/OffenderSearch/, indicates that petitioner is serving a twenty

1

year sentence out of Fort Bend County, Texas for murder.  Petitioner was separately conviction in Harris County, Texas for aggravated robbery, aggravated perjury and criminal mischief.  Petitioner received fifteen years on the robbery charge, ten years in prison on the perjury conviction, and 180 days on the criminal mischief conviction.  There is no indication that petitioner was convicted of any crime in Waco, Texas.  This Court also checked the Michigan Department of Corrections' Offender Tracking Information System (OTIS), located at http://mdocweb.state.mi.us/otis2, and there is no indication that petitioner was ever convicted of any crime in Michigan or is serving a sentence in this state. [1]  The Court assumes that petitioner is attempting to challenge one of his convictions out of Texas, perhaps his murder conviction.

A federal district court lacks jurisdiction to hear a state prisoner's habeas petition, where the petitioner was not convicted, sentenced, or incarcerated within that district. *See Wadsworth v. Johnson*, 235 F. 3d 959, 962-63 (5th Cir. 2000).  Because petitioner is currently incarcerated in the State of Texas and is challenging one of his Texas convictions, this Court lacks jurisdiction over his petition. *See Rheuark v. Wade*, 608 F.2d 304, 305 (8th Cir. 1979).  Accordingly, the Court will dismiss the petition for writ of habeas corpus without prejudice to petitioner filing a petition for writ of habeas corpus in the appropriate federal district court

---

[1]  This Court is permitted to take judicial notice of these inmate locator websites. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

2

in Texas. [2]

The Court will also deny a certificate of appealability.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* [3]

---

[2]  On at least two prior occassions, Petitioner has filed habeas petitions in this district.   They were summarily dismissed because petitioner had neither been convicted nor incarcerated in this district. *See Burton v. Armstrong,* No. 2:15-CV-10162 (E.D. Mich. March 3, 2015)(Cox, J.);  *Burton v. McGlasson,* 2:14-CV-10693 (E.D. Mich. February 24, 2014)(Drain, J.).

[3]  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable that this Court lacks jurisdiction over petitioner's habeas application. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## ORDER

Accordingly, the Court **SUMMARILY DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

**IT IS FURTHER ORDERED** that the Court **DECLINES TO ISSUE** a certificate of appealability or leave to proceed *in forma pauperis* on appeal.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 27, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 27, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

4